# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 4:09CR3103 |
| Plaintiff, ) | |
| vs. ) | TENTATIVE FINDINGS |
| KELLEY LYNNE EWINGS, ) | |
| Defendant. ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 74), and the government's statement of position (Filing No. 65). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the following: ¶ 36 (drug quantity); ¶ 39 (no minimal role adjustment); ¶¶ 49-53 (criminal history).[1] The objections are discussed below.

## ¶ 36 - Drug Quantity

The plea agreement states that the Defendant is responsible for at least 50 but less than 500 grams of cocaine base. That quantity spans both base offense levels 30 and 32 under U.S.S.G. § 2D1.1. The PSR finds that he is responsible for at least 150 but not less than 500 grams of cocaine base and therefore concludes that base offense level 32 applies. (PSR, ¶¶ 29, 36.) As the government points out, the Defendant did not object to the underlying fact of the 150 to less than 500 gram amount stated in ¶ 29, and therefore that fact is taken as true. *United States v. Razo-Guerra,* 534 F.3d 970, 975-76 (8th Cir.

---

[1]The Defendant states that she also objects to ¶ 48. However, no specific objection was raised with respect to ¶ 48.

2008) (without a specific objection to an underlying fact in a PSR, the fact is taken as true, and implied objections are not recognized), *cert. denied,* 129 S. Ct. 1365 (2009). Moreover, the quantity and base offense level in the PSR are supported by the plea agreement. The objection is denied.

### ¶¶ *49-53 - Criminal History*

The Defendant does not object to the "fact" that these are his prior convictions. Rather, he objects to the probation officer's application of the sentencing guidelines to those offenses, all of which are assigned one criminal history point under U.S.S.G. § 4A1.1(c). Section 4A1.1(c) states that one point should be added for each prior "sentence" not counted in U.S.S.G. §§ 4A1.1(a) and (b). A maximum of four points may be counted under § 4A1.1(c). U.S.S.G. § 4A1.1 application note 3.

The Defendant argues that the offense in ¶ 49 occurred over eight years prior to the instant offense and the sentence was only a $100 fine. A "prior sentence" is defined in relevant part as "any sentence imposed upon adjudication of guilt." U.S.S.G. § 4A1.2(a)(1). Therefore, a $100 fine is a "prior sentence"within the context of § 4A1.1(c). Also, with respect to the sentence in the instant case, "[a]ny . . . prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." U.S.S.G. § 4A1.2(e). In this case, the Defendant was arrested on April 16, 2009, in connection with this offense. Therefore, her commencement in the instant offense began at least as early as that date. She was sentenced in the case described in ¶ 49 on July 25, 2001, within ten years of the instant offense. The objections to ¶ 49 are meritless, and they are denied.

The Defendant then argues that the offenses in ¶¶ 50 through 53 are violations of city ordinances for which comparable state offenses do not exist. The objections are meritless. The Court agrees with the probation officer's analysis in the Addendum to the PSR, and the objections are denied.

*¶ 39 - Role*

The objection to the lack of a minimal role adjustment is likely moot. The Defendant has a total offense level of 29 and is in criminal history category III. Absent the statutory mandatory minimum sentence of 120 months, her guideline range would be 108-135 months. In light of the mandatory minimum sentence, however, the range becomes 120-135 months. A downward role adjustment would only benefit the Defendant insofar as she might reach a guideline range of 120 months. The plea agreement recommends a sentence at the low end of the guideline range, and it is this Court's practice to generally honor those agreements. Therefore, the objection is denied with out prejudice to reassertion if the Court states an intention at sentencing to sentence the Defendant above 120 months.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 36 and 49-53 of the PSR are denied;

2. The objection to ¶ 39 (adjustment for a minimal role) is denied with out prejudice to reassertion if the Court states an intention at sentencing to sentence the Defendant above 120 months;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.   Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.   Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 16th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge